IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

RALPH ARNOLD SMITH, JR.                                                                             PLAINTIFF

V.                                                            CIVIL ACTION NO.4:12CV113-DAS

JAMES M. HOOD, III, et al.                                                 DEFENDANTS

## MEMORANDUM OPINION

Ralph Arnold Smith seeks a preliminary and permanent injunction against the defendants to prohibit his prosecution for capital murder in the death of Keira Byrd. Smith is also accused of conspiring with Byrd and his co-defendant Derrick Lacy to kill Greenwood attorney, Lee Abraham. Someone allegedly contacted Abraham by telephone and offered to bring him a gun provided to that party by the plaintiff Smith. Abraham made arrangements to meet the caller in his office, but also contacted the Attorney General's office, who reportedly had an ongoing investigation into a murder-for-hire plot against Abraham. Special agents with the Attorney General's office waited in his office with Abraham. When Byrd and Lacy arrived at the office, Byrd was killed and Lacy seriously injured when a gunfight erupted.

Smith has been indicted for capital murder in the death of Byrd and asserts, among other things, that he cannot be guilty of capital murder, as a matter of law under the applicable Mississippi statute. Mississippi Code § 97-3-19 (2)(e) defines capital murder as, "The killing of a human being without authority of law by any means and in any manner ... in the following cases ... (d) When done with or without design to effect death, by any person engaged in the commission of the crime of ... burglary ... or in any attempt to commit such felonies." Because it is undisputed that Byrd was shot by agents of the Attorney General's office, Smith contends that

he cannot under these facts be guilty of capital murder. He also asserts that the involvement of the Attorney General's office in the criminal investigation is unlawful because in violation of the provisions of the Mississippi Constitution. He challenges his preliminary hearing as untimely and alleges that certain evidence against him should be suppressed because illegally obtained. These are all interesting questions. But they are questions to be addressed at this time to the state courts, within the state criminal prosecution.

Title 28 § 2283 provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." Actions to enjoin any state proceeding, but most particularly, criminal prosecutions, should normally fail. This court must first decide whether this statute and the doctrine of abstention in *Younger v. Harris*, 401 U.S. 37 (1971) prohibit the grant of relief sought. There is "a fundamental policy against federal interference with state criminal prosecutions." Id. Because "[n]o citizen of member of the community is immune from prosecution, in good faith, for his alleged criminal actions," *Beal v. Missouri Pacific Railroad Corp.*, 312 U.S. 45, 49 (1941), an allegation that the prosecution is in some way unauthorized or illegal will not justify the grant of equitable relief. *Id.* Injunctions may issue only under the most extraordinary of cases where irreparable, great injury is threatened. The injury intrinsic in and "incidental to every criminal proceeding" does not constitute an irreparable injury to justify equitable relief." *Douglas v. City of Jeanette,* 319 U.S. 157,164 (1943). Nor is an injury irreparable where any threat to federally protected rights can be eliminated by "defense against a single prosecution." *Younger,* 401 U.S. at 46. Even an attempt to show that the law sought to be criminally enforced, violates First Amendment rights cannot serve as a basis for federal interference with a state criminal proceeding, where those

constitutional issues may be addressed in the state forum. *Id.*

As Smith himself points out abstention bars his action in this court if (1) the federal action would interfere with ongoing state judicial proceedings; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges. *Bice v. Louisiana Public Defendner Bd.,* 677 F. 3d 712, 716 (5th Cir. 2012). Smith admits the first and last elements are present in this case, but asserts that the state has no important interest in pursuing this murder case, assuming that the court accepts Smith's contention that the charge is insupportable in law and in fact under Mississippi law. Smith's reasoning is fallacious. By Smith's reasoning, *Younger* abstention would be tossed aside based upon any contention that the state criminal defendant had a good defense to the charges, including, as in Smith's case an argument that he has, not a federal constitutional defense, but one based on an argument about the interpretation of state law. Rather the interest of the state is broader than Smith's particular case. It is the state's interest in being able to enforce its own criminal laws, particularly its statutes relating to the most serious of offenses-the unlawful taking of a human life. The state has not only an important, but a compelling interest, in the subject matter. The court therefore finds that the *Younger* abstention doctrine applies to this case.

Therefore, unless Smith has demonstrated that one of the exceptions to *Younger* applies, this court must not interfere with the state prosecution. The court also rejects Smith's argument that the prosecution is in bad faith. Once again, Smith argues that because he has such a good defense to the charge under state law, that the prosecution must be brought in bad faith and without hope of securing a conviction. Smith's reasoning here suffers from the same fallacy as his argument about the state's interest. There is no hint of any ulterior motive for the

prosecution. A person Smith is accused of conspiring with to murder Abraham is now dead as a result of a gunfight at the intended victim's office. There is no reason to believe that an attempt to impose criminal responsibility for this homicide is intended to harass Smith. This is not a case of repeated unfounded prosecution as in *Shaw v. Garrison*, 467 F.2d 113 (5th Cir. 1972). There is no suggestion by Smith that the prosecution is motivated by his membership in any suspect class nor in retaliation for his exercise of his constitutional rights." *Phelps v. Hamilton*, 59 F. 3d 1058, 1065.

This is a case "where the only threatened action is the prosecution in the state courts by state officers of an alleged violation of state law, with the resulting final and authoritative determination of the disputed question whether the act complained of is lawful or unlawful." *Beal*, 312 U.S. at 49-50. This court is without jurisdiction to try these alleged criminal violations of Mississippi law. The Mississippi courts "are the final arbiters of their meaning and appropriate application...." *Id.*

Though this matter has previously been set for a hearing on the motion for preliminary injunction, the court finds that a hearing is not necessary to the decision and that the plaintiff is not entitled to a hearing on this matter. *Phelps v. Hamilton,* 122 F.3d 885 (10th Cir. 1997).

The motion for preliminary injunction is denied. This action shall be dismissed by a separate order.

This the 17th day of January, 2013.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE